# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:13-CR-00233- |
| § | SDJ-KPJ-8 |
| JAMAR DESHUN BANKS § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Jamar Deshun Banks' ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 1, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael John Pannitto of the Federal Public Defender's Office. The Government was represented by Christopher Rapp.

Defendant was sentenced on May 22, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Commit Bank Fraud, a Class B Felony. This offense carried a statutory maximum imprisonment term of 30 years. The guideline imprisonment range, based on a total offense level of 5 and a criminal history category of V, was 6 to 12 months. Defendant was subsequently sentenced to 12 months imprisonment followed by a five-year term of supervised release, subject to the standard conditions of release, plus special conditions to include access to requested financial information, no new credit, no gambling, testing and treatment for drug abuse, sex offender registration, no unsupervised contact with minors, no pornography, search of person and residence, restitution in the amount of $8,977.96 and a $100 special assessment. On December 27, 2019, Defendant completed his period of imprisonment and began service of the supervision term.

On March 11, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #1007, Sealed). The Petition asserts that Defendant violated six conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant shall not unlawfully possess a controlled substance; (3), (5), and (6) (standard) Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) (standard) Defendant shall refrain from any unlawful use of a controlled substance (Dkt. #1007 pp. at 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On March 1, 2024, officers with the Ennis, Texas, Police Department received a report of a reckless driver. Officers observed Defendant standing by a red Ford truck which was stuck in the mud. It appeared to have also struck the wall of a barrier property. Officers approached Defendant and observed him staring with a blank stare as the officers asked him questions. Defendant appeared disoriented, had glassy eyes, slurred speech, and was unable to stand steady. At this time, Defendant was placed under arrest for Public Intoxication and an ambulance was requested. While waiting for the ambulance, Defendant tried to sit in the rear seat of the patrol unit but missed the seat and fell into the floorboard area of the patrol vehicle. He remained on the floorboard until EMS arrived. Defendant was offered medical treatment by EMS, but he refused. Defendant was transported to the Ennis Regional ER for medical evaluation then released for transport to the Ellis County Jail. Officers conducted an inventory of the truck and found a glass jar containing four small clear plastic baggies of a green leafy substance officers believed to be marijuana. Defendant was booked into the Ellis County Jail. While being booked in, a strip search was conducted. In Defendant's groin area,

deputies found two clear plastic baggies containing assorted colored pills. Deputies asked Defendant what the pills were, and he replied they were Ecstasy pills. The pills had a total weight of 6 grams. Defendant was charged with Public Intoxication, Prohibited Substance in a Correctional Facility, and Possession of a Controlled Substance PG 2. >=4G<400G. On March 2, 2024, Defendant was released from jail on an $18,000.00 bond. These cases remain pending; (2) On October 29, 2020, Defendant completed a sex offender maintenance polygraph. Defendant showed deception regarding the question of marijuana use. During the post interview, Defendant admitted to using hydrocodone to relieve pain in his shoulder and knee. Defendant stated he did not use it recreationally and the prescription was not his; (3) On June 24 and July 5, 2022, Defendant submitted urine specimens at the U.S. Probation Office which tested positive for marijuana and were confirmed by Abbott Labs. On January 20, 2023, Defendant submitted a urine specimen at the U.S. Probation Office which tested positive for phencyclidine (PCP) and was confirmed by Abbott Labs; and (4) On October 9, 2020, Defendant completed a maintenance polygraph. At this time, Defendant admitted to being intoxicated on at least four occasions since his release from the Bureau of Prisons (Dkt. #1007 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (4), (5), and (6) of the Petition. Having considered the Petition and the plea of true to allegations (4), (5), and (6), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months with no term of supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 29th day of May, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE